# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CAROLINA CHAVARRIAGA,**

    Petitioner,

v.                             Case No. 4:18cv206-RH/CAS

**WARDEN COIL,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about April 18, 2018, Petitioner Carolina Chavarriaga, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. She subsequently filed an amended § 2241 petition with an attached memorandum. ECF No. 5. On August 6, 2018, Respondent filed an answer, with exhibits. ECF No. 13. Petitioner has not filed a reply, although she was given the opportunity to do so. *See* ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

Petitioner Carolina Chavarriaga, an inmate at the Federal Correctional Institution (FCI) in Tallahassee, Florida, filed this § 2241 petition challenging a prison disciplinary action for fighting. ECF No. 5 at 2-3. As a result of the disciplinary action, Chavarriaga lost privileges and good conduct time. ECF No. 13-1 at 16. Chavarriaga's current projected release date is April 30, 2019. *See* www.bop.gov/inmateloc.

In her petition, Chavarriaga raises two grounds: (1) she was denied due process in the disciplinary hearing; and (2) she was denied due process after the hearing because she "has continued to attempt to obtain the DHO [Discipline Hearing Officer] Report to dispute the sanction." ECF No. 5 at 3. In her attached memo, she argues BOP did not adequately investigate the alleged fight. ECF No. 5-2 at 5, 10. She further argues she "has been denied procedural due process, when she was issued an incident report, and was denied her right to defend herself at the DHO hearing, and denied a written statement by the fact finder outlining the evidence relied upon (the DHO Report), despite her numerous attempts to obtain it from BOP staff." ECF No. 5-2 at 1. She asserts, because of the due process violations, her incident report should be expunged and her good conduct time restored. *Id.* at 2, 4, 9.

Respondent has filed an answer, with attachments. ECF No. 13, 13-1. Respondent asserts the Court should deny the § 2241 petition because Chavarriaga has not exhausted her administrative remedies. ECF No. 13 at 2, 7-11. Respondent further asserts, in the alternative, the Court should deny the petition on the merits because, although there was "an unfortunate delay," ECF No. 13 at 1, Chavarriaga did eventually receive a copy of the DHO report and she has received all process due under the Fifth Amendment, *id*. at 2, 11-15.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were

generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  See id. at 212–14, 218; see also Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.  See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Chavarriaga's § 2241 petition challenges a BOP disciplinary proceeding that resulted in a determination that she committed the prohibited act of fighting.   As both Petitioner and Respondent point out, Chavarriaga has not exhausted her administrative remedies.   ECF No. 5 at 3; ECF No. 13 at 7.   Petitioner asserts she did not exhaust her remedies because, at the time she filed the petition, she had not received the DHO report.   Respondent evidently agrees this is true, but asserts "[t]he BOP's policy does not prohibit inmates from appealing DHO sanctions prior to receiving a DHO report."   ECF No. 13 at 8; *see id*. 13-2 at 2 (Declaration of Michael L. Hicks, BOP Disciplinary Hearing Administrator for Southeast Region, providing that "[p]olicy does not prohibit inmates from appealing DHO sanctions prior to receiving a DHO Report, and inmates (including inmates at Tallahassee) have appealed DHO sanctions prior to receiving a DHO report"); Dean-Mitchell v. Reese, 837 F.3d 1107, 1114 (11th Cir. 2016) (rejecting Warden's argument that § 2241 petitioner must have attached DHO report to administrative appeal and explaining that, under 28 C.F.R. § 541.19 (2007), "a copy of the DHO report is not a necessary component of filing an administrative appeal").   *See also* Santiago-Lugo v.

Warden, 785 F.3d 467, 475 (11th Cir. 2015) (holding that § 2241 petitioner's failure to exhaust is not jurisdictional defect, explaining that exhaustion of administrative remedies remains a requirement, "it's just not a jurisdictional one").

Respondent attaches the Declaration of Michael L. Hicks, BOP Disciplinary Hearing Administrator for Southeast Region.  ECF No. 13-2 at 2-3.  Hicks states, in pertinent part:

> 4.   Pursuant to policy, inmates will ordinarily receive a DHO Report within 15 workday; however, DHOs are not always able to complete their reports within that timeframe due to the volume of disciplinary proceedings, which sometimes creates a backlog.
>
> 5.   If an inmate files a BP-10 administrative remedy appealing DHO sanctions without including a copy of the DHO Report, it is more than 15 workdays after the DHO hearing, and the DHO Report has not been completed, the Regional Office will accept the appeal, expedite the DHO Report, and respond to the administrative remedy on the merits.  Other inmates at FCI Tallahassee have appealed DHO sanctions in this manner.

Id. at 3.  Accordingly, had Chavarriaga filed an administrative appeal without including a copy of the DHO report, such report would have thereafter been expedited.  Given that Chavarriaga's only arguments in this § 2241 proceeding allege procedural due process violations during the hearing and for failure to provide a written DHO report, her failure to exhaust administrative remedies appears critical as such exhaustion could

Case No. 4:18cv206-RH/CAS

have resolved the report issue.  Indeed, from the documentation provided by Respondent, Chavarriaga did not pursue an administrative appeal even after she received the written DHO report in June 2018.  See ECF No. 13-1 at 3.  *See also, e.g.*, Douglas v. English, No. 5:15cv124-LC/GRJ, 2017 WL 3842388 at *5 (N.D. Fla. Aug. 3, 2017) (Report and Recommendation to deny § 2241 petition and explaining, among other things, that petitioner's failure to exhaust administrative remedies "cannot be excused" as despite Respondent having raised the exhaustion issue, "Petitioner declined to file a reply memorandum addressing exhaustion").

Regardless, on the merits, as reflected in the attachments to Respondent's answer, Chavarriaga has received the required procedural due process protections.  The Eleventh Circuit has explained:

> To state a cognizable claim for the denial of due process in connection with prison discipline, a prisoner must show a protected liberty interest of which he was deprived without minimum procedural protections.  Wolff [v. McDonnell], 418 U.S. [539,] [] 557-58 [(1974)] . . . .  As the district court correctly recognized, [this § 2241 federal inmate petitioner] has a protected liberty interest in the statutory Good-Time credits that he has earned.  *Id.*
>
> In Wolff, the Supreme Court held that minimum due process protections in the context of a prison disciplinary hearing include the following:  (1) advance written notice of the charges against the inmate (in this case, the Incident Report); (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with

institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action (here, the DHO report). *Id.* at 563-67 . . . ; O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011).

Dean-Mitchell, 837 F.3d at 1112.

In this case, the record reflects the fight occurred September 12, 2017. *See* ECF No. 13-1 at 11. An investigation ensued and concluded on September 19, 2017; an incident report was prepared and delivered to Chavarriaga on September 20, 2017. ECF No. 13-1 at 11-12; *see id.* at 14. The incident report indicates Chavarriaga was read her rights and understood her rights. *Id.* at 12. On September 23, 2017, Chavarriaga was also provided with a form titled Inmate Rights at Discipline Hearing, which she signed and which states she has the following rights:

> 1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;
>
> 2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;
>
> 3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;
>
> 4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you.

However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

ECF No. 13-1 at 19. That same day, Chavarriaga was also provided with a Notice of Discipline Hearing Before the Discipline Hearing Officer, which she signed on September 23, 2017, and which notifies her of the alleged offense and the date it occurred, her right to have a staff member represent her (which she indicated she wanted), and her right to call witnesses at the hearing and present evidence on her behalf. *Id.* at 21. She indicated she wished to have two witnesses and she named those witnesses. *Id.*

The discipline hearing occurred October 5, 2017. *Id.* at 14. A staff representative appeared with Chavarriaga at the hearing, as she had requested. *See id.* Chavarriaga denied the charge. *See id.* The Discipline Hearing Officer Report was completed June 8, 2018, and

Case No. 4:18cv206-RH/CAS

provided to Chavarriaga on June 13, 2018.  *Id.* at 14-17, 23.   The report details the evidence relied on to support the hearing officer's findings that the act of fighting was committed as charged.  *Id.* at 15-16.  The report lists the sanctions and the reasons for the sanctions.  *Id.* at 16-17.

Thus, as required by Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974), Chavarriaga received at least 24 hours' advance written notice of the charges against her and an opportunity to call witnesses and present evidence in her defense.   In addition, as also required by Wolff, the documentation provided by Respondent indicates Chavarriaga has now received a written statement by the fact-finder concerning the evidence relied upon and the reasons for the disciplinary action.  *Cf.* Dean-Mitchell, 837 F.3d at 1113-14 (explaining "[t]here is conflicted evidence in the record regarding whether Dean-Mitchell received or did not receive the reports" and "[u]nder the circumstances, given the presence of a genuine dispute as to a material fact, it was error for the district court to take sides in this battle of affidavits and to grant summary judgment in favor of the Warden").

In addition, Respondent attaches the Declaration of Deneen Orr, BOP Discipline Hearing Officer.   ECF No. 13-1 at 2-4.   Orr explains that she conducted Chavarriaga's DHO hearing on October 5, 2017, and at the conclusion of the hearing, she informed Chavarriaga of the evidence relied

upon in reaching the decision, the sanctions, and the right to appeal, including the process for filing the appeal.  *Id.* at 2-3.  Orr states she completed the DHO Report on June 8, 2018, and the delay "was due to the volume of discipline hearings" that needed to be conducted and the "volume of discipline hearing reports" needed to be prepared.  *Id.* at 3.  Orr states that "[s]taff delivered the DHO Report to Inmate Chavarriaga on June 13, 2018."  *Id.*  Orr states that, as of August 2, 2018, Chavarriaga had not filed any administrative remedies regarding the disciplinary proceeding.  *Id.*

As Respondent asserts, Chavarriaga has not shown that the BOP's failure to provide the written DHO report within the ordinary timeframe warrants habeas relief.  *See* ECF No. 13 at 12-13; <u>Marino v. Walton</u>, No. 11-cv-13692, 2011 WL 6945738 at *3 (E.D. Mich. Dec. 6, 2011) (opinion and order denying § 2241 petition where "[p]etitioner did not receive the DHO Report at the time of the hearing or for several months thereafter"; collecting cases providing that "a delay in receiving the written report following the institution of prison discipline does not rise to the level of a due process violation unless the prisoner can show that the delay prejudiced his ability to defend against the charges or delayed his ability to appeal past his release date").  Chavarriaga could have appealed the

DHO decision without the written report and, from documentation provided by Respondent, such appeal would have expedited that written report. She has not made, or even alleged, a specific showing of prejudice.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 5) be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether

a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

Therefore, it is respectfully **RECOMMENDED** that Petitioner's § 2241 petition, ECF No. 1, be **DENIED**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 27, 2018.

S/ Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's**

objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.